United States District Court
Middle District of Florida
Jacksonville Division

**VALERIA RILEY,**

    *Plaintiff,*

v.                                                                                                          NO. 3:17-CV-727-J-34PDB

**THE GOODYEAR TIRE AND RUBBER COMPANY,**

    *Defendant.*

---

# Order

In this negligence case, Valeria Riley sues The Goodyear Tire and Rubber Company related to work performed on her car tire at a Goodyear Service Center. Doc. 2. Before the Court is Goodyear's unopposed motion for leave to file under seal an exhibit (Exhibit D, Doc. 40-7) in support of a summary-judgment motion and to redact a related paragraph in the summary-judgment motion. Doc. 37. Goodyear has not provided a copy of the exhibit under seal and has marked the exhibit on the public docket with a one-page placeholder stating, "Motion to File This Exhibit Under Seal is Pending." Doc. 40-7. An unredacted copy of the summary-judgment motion is currently under seal pending a ruling on the motion to seal.[1] Doc. 38.

Goodyear explains the exhibit includes twelve pages about Goodyear's "Good to Go" process and some pages about the process from Goodyear's Associate Handbook. Doc. 37 at 1–2. In an unredacted portion of the summary-judgment

---

[1]Goodyear had intended to file only a redacted summary-judgment motion on the public docket but inadvertently filed the unredacted version. Goodyear filed a motion to strike or remove the incorrectly filed unredacted summary-judgment motion. Doc. 41. The Court granted the motion to the extent the Court placed the unredacted summary-judgment motion under seal. Doc. 42. Goodyear has since filed a redacted summary-judgment motion. Doc. 40.

motion, Goodyear explains the "Good to Go" process is a procedure its service-center employees must follow when servicing a car. Doc. 40 at 3. In the summary-judgment motion, Goodyear contends no evidence shows the process was not followed and details some of the work Goodyear employees performed on Riley's car. Doc. 40 at 3–5.

Goodyear explains the exhibit contains "sensitive trade secret" and confidential information that, if disclosed, could harm Goodyear's business and cause irreparable injury. Doc. 37 at 1. Goodyear explains the exhibit contains confidential business information "relating to internal company documents and procedures." Doc. 37 at 2. Goodyear contends sealing the exhibit and redacting the motion is the least restrictive means of protecting the information. Doc. 37 at 4. Goodyear requests the documents be sealed "until further order of the Court" and returned to Goodyear at the conclusion of the case, contending there is good cause to seal the documents beyond one year. Doc. 37 at 4. Goodyear explains it produced the exhibit to Riley during discovery under a confidentiality agreement, Doc. 37 at 2, and provides the parties' confidentiality agreement, Doc. 37-1.

Under Federal Rule of Civil Procedure 26(c)(1), a party may move for a protective order requiring "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way," Fed. R. Civ. P. 26(c)(1)(G). The order must be supported by good cause. Fed. R. Civ. P. 26(c)(1).

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). A court may determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).

To decide if the presumption of public access applies, a court distinguishes documents that "may properly be considered public or judicial records" from "those that may not; the media and public presumptively have access to the former, but not to the latter." *Id*. The presumption applies to materials attached to documents that invoke judicial resolution on the merits but not to discovery documents irrelevant to the underlying issues. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63−64 (11th Cir. 2013).

If the presumption does not apply, a court must conduct only the "good cause" analysis under Federal Rule of Civil Procedure 26(c). *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355–56 (11th Cir. 1987). If the presumption applies, a court must consider the nature and character of the information and balance the public's right of access against a party's interest in confidentiality. *Perez-Guerrero*, 717 F.3d at 1235. The balancing depends on the facts and circumstances. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less-restrictive alternative to sealing. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Immaterial is "whether the sealing of the record is an integral part of a negotiated settlement between the parties[.]" *Brown*, 960 F.2d at 1016.

Under Local Rule 1.09(a), a party seeking to file a document under seal must identify and describe the items proposed for sealing, state the reason filing each is necessary, state the reason sealing each is necessary, explain why a means other than sealing is unavailable or insufficient to preserve the movant's interests, and state the proposed duration of the seal. "Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one

3

year, although a seal is renewable by a motion that complies with … this rule, identifies the expiration of the seal, and is filed before the expiration of the seal." Local Rule 1.09(c).

Because Goodyear seeks to seal or redact documents for a motion that invokes judicial resolution on the merits, the presumption of public access applies. *See F.T.C.*, 713 F.3d at 63−64. Balancing the public's right of access with Goodyear's interest in confidentiality, *see Perez-Guerrero*, 717 F.3d at 1235, sealing the exhibit and redacting the summary-judgment motion is warranted. Considering the factors in *Romero*, sealing does not impair court functions; Goodyear represents that it would be harmed if the information regarding a confidential, internal operation is made public; there is no reason to doubt the reliability of the sealed information; Riley has been able to respond to the summary-judgment motion without referencing the confidential information and does not oppose sealing; the information does not concern public officials or public concerns in this one-plaintiff negligence suit regarding the service performed at one of Goodyear's service centers; and there is no availability of a less-restrictive alternative, with Goodyear requesting the sealing of only one exhibit and the redaction of only one related paragraph in the summary-judgment motion.

Goodyear essentially asks the Court to permanently seal the documents by asking the Court to seal them until the end of the case and then return them upon motion. *See* Doc. 37 at 4–5. But processes change, and Goodyear has not shown good cause to extend the seal beyond the presumptive one year under Local Rule 1.09(c). Sealing the documents for one year is warranted, subject to an extension upon timely motion demonstrating good cause. Moreover, in the CM/ECF system, although documents may be permanently sealed, they are still placed in the CM/ECF system under an electronic "lock" (making them publicly inaccessible) and cannot be "returned" as they had been under the paper filing system.

The Court **grants** the motion to seal, Doc. 37, in part; **directs** Goodyear to submit an unredacted copy of the exhibit under seal by filing it in the clerk's office (in person or by mail) in an envelope with a copy of this order by **August 28, 2019**; and **directs** the clerk to maintain the forthcoming exhibit and Docs. 38–38-15 under seal until **August 21, 2020**, absent further order. Goodyear is cautioned that the information could be disclosed earlier in an order or at trial.

**Ordered** in Jacksonville, Florida, on August 21, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record